IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

**GEORGE WELCH, Individually and on
Behalf of All Others Similarly Situated**        **PLAINTIFF**

vs.        Case No. 5:20-cv-59

**JENN ENERGY SERVICES, LLC,**        **DEFENDANTS**
**and RICHARD CALAN PICKARD**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff George Welch ("Plaintiff"), individually and on behalf of all others similarly, by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Jenn Energy Services, LLC, and Richard Calan Pickard (collectively "Defendants"), he does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

4. A substantial part of the events or omissions complained of herein occurred in the Laredo Division of the Southern District of Texas.

## II.   THE PARTIES

5. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Texas.

6. Defendant Jenn Energy Services, LLC ("Jenn Energy") is a domestic limited liability company.

7. Jenn Energy's registered agent for service of process is Ricky Torlincasi, at 300 Throckmorton Street, Suite 1700, Fort Worth, Texas 76102.

8. Separate Defendant Richard Calan Pickard ("Pickard") is an individual and resident of Texas.

## III.   FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

10. Pickard is an owner, principal, director, and/or officer of Jenn Energy.

11. Upon information and belief, Pickard manages and controls the day-to-day operations of Jenn Energy and dictates and the employment policies of Jenn Energy, including but not limited to the decision to not pay Plaintiff an extra premium for hours worked in excess of forty per week.

12. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. At all times relevant to the allegations in this Complaint, Plaintiff was employed by Defendants at Defendants' various jobsites, including their jobsite within La Salle county.

15. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

16. At all times material herein, Plaintiff and those similarly situated have been improperly classified by Defendants as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

17. Defendants are "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

18. Plaintiff worked for Defendants from 2014 to October of 2018.

19. Plaintiff was primarily responsible for operating heavy machinery such as bulldozers.

20. Plaintiff and similarly situated employees were paid a day rate of $300.00 per day.

21. Plaintiff and similarly situated employees received the same day rate regardless of how many hours they worked.

22. Defendants' business operates seven days per week.

23. Plaintiff and similarly situated employees regularly worked more than twelve hours per day and well over forty hours per week.

24. Defendants did not pay Plaintiff or similarly situated employees any overtime premium for hours worked in excess of forty per week.

25. Plaintiff and similarly situated employees did not have the authority to hire or fire any other employee.

26. Plaintiff and similarly situated employees did not recommend employees to be hired or fired, or their recommendations were not given any particular weight.

27. Plaintiff and similarly situated employees did not exercise independent judgment as to matters of significance in carrying out their duties.

28. Plaintiff and similarly situated employees regularly operated vehicles under 10,000 pounds in carrying out their duties for Defendant.

29. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other salaried Engineers violated the FLSA.

## IV.   REPRESENTATIVE ACTION ALLEGATIONS

30. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated hourly employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

   B. Liquidated damages; and

   C. Attorney's fees.

31. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

32. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

33. Plaintiff proposes the following class under the FLSA:

**All day rate employees who worked more than 40 hours in any week.**

34. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were classified by Defendants as exempt from the overtime requirements of the FLSA;

B. They were paid on a day-rate basis;

C. They were not paid an overtime premium for all hours worked in excess of forty (40) per week;

D. They regularly worked more than forty (40) hours per week; and

E. They had the same or similar duties.

35. Plaintiff is unable to state the exact number of the class but believes that the class exceeds five (5) persons.

36. Defendants can readily identify the members of the Section 16(b) class, which encompasses all piece rate employees who worked as truckers within the relevant time period.

37. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

40. At all relevant times, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all relevant times, each Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in a week and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

43. Defendants improperly classified Plaintiff as exempt from the overtime requirements of the FLSA.

44. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over forty (40) in each one-week period.

45. Defendants' failure to pay Plaintiff all overtime wages was willful.

46. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49. At all relevant times, Defendants have been an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

50. Defendants classified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

51. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff and those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over forty (40) in each one-week period.

52. Defendants willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

53. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff George Welch, individually and on behalf all others similarly situated, respectfully prays as follows:

A.   That each Defendant be summoned to appear and answer this Complaint;

B.   For orders regarding certification of and notice to the proposed collective members;

C.   For an order of this Honorable Court entering judgment in Plaintiff's favor against Defendants for actual economic damages in an amount to be determined at trial;

D.   For liquidated damages as provided for under the FLSA;

E.   For attorneys' fees, costs, and pre-judgment interest; and

F.   For such further relief as this Court deems just and proper.

Respectfully submitted,

**GEORGE WELCH, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com