IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGE WELCH, Individually and on, Behalf of All Others Similarly Situated <br><br> Plaintiffs, <br><br> v. <br><br> JENN ENERGY SERVICES, LLC, and RICHARD CALAN PICKARD, <br><br> Defendants. | § § § § § § § § § § § § § § Civil Action No. 5:20-cv-59 |

## MOTION FOR APPROVAL OF SETTLEMENT OF FLSA CLAIM

Defendant, Jenn Energy Services, LLC ("Company"), Richard Calan Pickard ("Pickard") (collectively "Defendants") and George Welch and David Rumsey (Plaintiffs") jointly move the Court to approve the parties' FLSA settlement; and subject to the Court's approval, to dismiss this case with prejudice upon satisfaction of the terms of the settlement.

### Motion to Approve FLSA Settlement

1.  Plaintiffs are former employees of the Company whose job duties included operation of the Company's trucks in interstate commerce.  The dispute in this case revolves around the application of the Motor Carrier Exemption and whether or not Plaintiffs used their personal truck for company business during any of the weeks in question.  Defendants moved for summary judgment on the basis of the Motor Carrier exemption which the Court denied but without prejudice.

2.  While the Court denied Defendant's motion for summary judgment, the briefing put forth by the parties as well as the Court's Order denying the motion demonstrate the range of

disputes between the parties. The parties fiercely dispute the nature of Plaintiffs' work, the applicability of the Motor Carrier Act exemption, and whether Plaintiffs performed a significant portion of their work in a "small vehicle" as contemplated by the Motor Carrier Act.

3. The settlement also takes into account the financial situation of Defendants. Defendants' operations and financial condition have been severely impacted by the recession in the oil and gas exploration industry, which has dramatically worsened their revenues, business and financial condition. As set forth more fully in the Motion to Withdraw as Counsel heretofore filed in the above cause, the combined impact of the recession and the lack of business caused the Company to cease operations entirely in late 2020. Although it recently resumed operations in June 2021, it has performed very little work and has netted very little from operations through the date of the filing of this Motion. Neither the Company nor Pickard have enough funds to pay any substantial amount of damages, nor do Defendants have sufficient funds to continue to pay their attorneys to continue handling this case.

4. Neither the Company nor Pickard have sufficient non-exempt assets to satisfy any sort of judgment. The Company owns four tractor trailers and two water trailers, all of which are pledged to secure loans. Only two of the trucks are in running condition as neither the Company nor Pickard can afford to pay the costs to repair them. The Company has a line of credit which is fully drawn and secured by lien and UCC filings on its assets and accounts receivable. The Company and Pickard have approximately $50,000 in credit card debt, some of which has been charged off.

5. Pickard owns a homestead which is mortgaged and a vehicle and owns an undivided interest with three other family members and a tract of land in San Augustine County. The tract is in timber land but was clear cut about two years ago so has no value for timber.

6. Neither the Company or Calan have any credit nor any ability to borrower money.

7. Based on the foregoing, Plaintiffs have agreed to accept a settlement paid out in monthly installments over a term as follows:

(a) Defendants will pay a total settlement of $13,500 in installments from November 2021 through December 2022. The first installment of $500 will be due on November 15, 2021 (or 10 days after the Court approves the settlement if that is later) and the next installments of $1,000 each will be due on December 15, 2021 and the 15th day of each month in 2022 through December 2022. If Defendants default in payment, the entire amount of the settlement will become immediately past due and payable and Plaintiffs will be entitled to judgment for that amount, plus interest and attorneys' fees.

8. The parties request that the Court administratively dismiss the case upon approval of the settlement and, when the settlement amount is finally paid, enter a dismissal order with prejudice.

9. Based on their knowledge of this case, the applicable law, as well as their understanding of Defendants' financial condition, all counsel believe the settlement is fair and reasonable. "Although the court is not bound by counsel's opinion, their opinion is nonetheless entitled to great weight." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002). The Plaintiffs have approved this settlement after conferring with their counsel, having the settlement explained, and having the opportunity to have their questions answered. All of these factors favor approval of the settlement.

10. Because the proposed settlement was the result of arms-length negotiation by experienced and capable attorneys on both sides, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food*, 679 F.2d at 1354. That same case recognizes the public policy of encouraging settlement of FLSA litigation.

**Contingent Motion to Dismiss**

11. The parties jointly move the Court to administratively dismiss this case upon approval of the settlement and, upon receipt of notice that the entire settlement amount has been

paid, enter an order of dismissal with prejudice. If the Court does not approve the settlement, then the parties withdraw this portion of their motion and move the Court to allow the case to remain pending on its docket.

## Conclusion and Prayer

For the foregoing reasons, the parties move the Court for an order approving the settlement and, subject thereto, dismissing the case.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Stephen W. Schueler*
     Stephen W. Schueler
     State Bar No. 17823000
     Federal I.D. No. 5126
     600 Travis Street
     Houston, Texas 77002
     (713) 650-8400
     (713) 650-2400 (facsimile)
     sschueler@winstead.com

**ATTORNEY FOR JENN ENERGY SERVICES, LLC AND RICHARD CALAN PICKARD**

**SANFORD LAW FIRM, PLLC**

By: */s/ Josh Sanford*
     Josh Sanford
     State Bar No. 24077858
     Josh@sanfordlawfirm.com
     Kirkpatrick Plaza
     10800 Financial Centre Parkway
     Little Rock, Arkansas 72211
     (501) 221-0088
     (888) 787-2040 (facsimile)

**ATTORNEYS FOR GEORGE WELCH, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED**

4

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between GEORGE WELCH and Opt-In Plaintiff, DAVID RUMSEY (collectively, "Employees") and JENN ENERGY SERVICES, LLC and RICHARD CALAN PICKARD (collectively, the "Company") as follows:

1. <u>Termination of Employment</u>. Employees and the Company acknowledge that David Rumsey's employment with the Company terminated on November 4, 2018 and George Welch's employment with the Company terminated on January 13, 2019 (each a "Termination Date"). Except as expressly set forth below, Employees are entitled to no payment, compensation or other benefits after their respective Termination Date.

2. <u>Consideration</u>.

   a. If Employees (i) each sign this Agreement; and (ii) do not revoke this Agreement as provided below the Company agrees to pay to Employees a separation payment (the "Settlement Payment") in the amount of $13,500.00, payable in monthly installments without interest, payable in accordance with the following terms and conditions:

   i. An initial installment of $500 will be due on the later of November 15, 2021, or ten business days following the court's approval of this settlement in accordance with the provisions of Section 5 below;

   ii. An installment of $1,000 shall become due on the same day in the following calendar month;

   iii. The next 12 installments, each in the amount of $1,000 shall become due on the same day in the next and each subsequent calendar month until the entire Settlement Payment has been paid in full;

   iv. All payments due hereunder shall be delivered to Employees' attorney, the Sanford Law Firm at its office at 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Employees each authorizing their attorneys to accept such payment and disburse to Employees their share of each installment;

   v. The installments due hereunder will be payable as follows:

   - the first $500 installment to George Welch;
   - the next 4 installments of $1000 each to George Welch;
   - the next installment in two separate checks, $500 each, one to George Welch and one to David Rumsey;
   - the next installment of $1000 to David Rumsey;
   - the next installment in two separate checks, $500 each, one to David Rumsey and one to the Sanford Law Firm.
   - the last 6 installments of $1000 each to the Sanford Law Firm.

vi. In the event the Company fails to make any of the payments described herein on the date due, and such failure continues for a period of 10 days after written notice to the Company at its address shown below, then Employees shall have the right to declare the entire Settlement Payment immediately due and payable, and the settlement amount shall bear interest at the maximum rate permitted by applicable law until paid in full.

3. <u>Releases</u>. In consideration of the promises and covenants made herein, Employees, for Employees, Employees' heirs, executors, administrators and assigns, do hereby RELEASE, ACQUIT AND FOREVER DISCHARGE Richard Calan Pickard and Jenn Energy Services, LLC, and each of their parent, subsidiary, related and affiliated corporations or other entities, and each of their respective present or former officers, directors, shareholders, employees, agents, representatives, successors and assigns (all of whom are hereinafter collectively referred to as "Releasees") from any and all claims, demands, causes of action and liabilities of any kind or character, accrued or to accrue hereafter, which Employees ever had, now have or may hereafter have against Releasees, through the Effective Date of this Agreement, arising out of any act, omission, statement, representation, transaction or occurrence, including, without limitation, those related to Employees' employment by the Company or the termination thereof. Without limiting the generality of the foregoing, it is understood and agreed that this Release constitutes a release of any claim or cause of action for breach of any employment or other agreement existing between Employees and the Company (all of which are hereby acknowledged to have terminated) or otherwise related, in any way, to Employees' employment by the Company, including claims under the Fair Labor Standards Act; the Texas Pay Day Law, and any other state or federal statute or regulation governing the payment of wages and/or overtime occurring prior to the date of this Agreement. This release also constitutes a release of any claim or cause of action for personal or bodily injury of any kind, property damage, invasion of privacy, intentional or negligent infliction of emotional distress, wrongful termination, promissory estoppel, false imprisonment, defamation, negligence, gross negligence, breach of contract, libel or slander, tortious interference with contract or business relationship, misrepresentation, deceptive trade practices, fraud, and any other employment-related claims, or for any personal injuries, however characterized, or by virtue of any fact(s), act(s) or event(s) occurring prior to the date of this Agreement.

a. **EMPLOYEES UNDERSTAND THAT BY SIGNING AND NOT REVOKING THIS RELEASE, EMPLOYEES ARE WAIVING ANY AND ALL RIGHTS OR CLAIMS WHICH EMPLOYEES MAY HAVE UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND/OR THE OLDER WORKERS' BENEFIT ACT FOR AGE DISCRIMINATION ARISING FROM EMPLOYMENT WITH THE COMPANY, INCLUDING, WITHOUT LIMITATION, THE RIGHT TO SUE THE COMPANY IN FEDERAL OR STATE COURT FOR AGE DISCRIMINATION. EMPLOYEES FURTHER ACKNOWLEDGE THAT EMPLOYEES (1) DO NOT WAIVE ANY CLAIMS OR RIGHTS THAT MAY ARISE AFTER THE DATE THE AGREEMENT IS EXECUTED; (2) WAIVE CLAIMS OR RIGHTS ONLY IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH EMPLOYEES ARE ALREADY ENTITLED; (3) HAVE BEEN ADVISED BY THE**

COMPANY TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS RELEASE; AND (4) AGREE THAT THIS AGREEMENT IS WRITTEN IN A MANNER CALCULATED TO BE UNDERSTOOD BY EMPLOYEES, AND EMPLOYEES, IN FACT, UNDERSTAND THE TERMS, CONTENTS, CONDITIONS AND EFFECTS OF THIS AGREEMENT AND HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

b.  Anything herein to the contrary notwithstanding, this Agreement does not constitute a release nor a waiver of Employees' right to file a charge or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, the Texas Workforce Commission, or any other governmental agency with jurisdiction to regulate employment conditions or regulations; provided further, that Employees do release and relinquish any right to re-instatement and/or to receive any money, property, or any other thing of value, or any other financial benefit or award, as a result of any proceeding of any kind or character initiated by any such governmental agencies or organizations.

c.  Employees acknowledge that the Settlement Payment includes consideration which Employees would not be entitled to receive but for Employees' execution and non-revocation of this Agreement.

4.  Legal Proceedings. Suit has heretofore been brought for recovery upon some or all of the claims or causes of action being released herein, the same being Cause No. 5:20-cv-59, in the United States District Court for the Southern District of Texas, Laredo Division styled George Welch, et al. v. Jenn Energy Services, LLC, et al. (the "Lawsuit"), and it is understood and agreed that this release constitutes a release of any and all claims, causes of actions or counterclaims asserted, or which could have been asserted in the Lawsuit. Each of the parties hereby authorizes and directs their attorneys to request that the court withhold entry of a Final Agreed Order of Dismissal or Final Judgment in this cause pending final payment of the Settlement Payment and, upon such final payment being made, further authorize and direct their attorneys to submit an Agreed Order dismissing the Lawsuit with prejudice, and assessing costs against the parties by whom they were incurred.

5.  Judicial Approval. This Agreement, and the obligations of the Company hereunder, are contingent upon the approval of this settlement by the court in the Lawsuit, in accordance with the provisions of the Fair Labor Standards Act (FLSA). Employees and the Company agree to jointly file and present an agreed motion for such approval and an agreed motion to seal those documents in the Lawsuit reflecting the terms, amounts and conditions of this settlement. If the court does not approve the settlement, then either party shall have the right to terminate this Agreement and withdraw from the settlement. The court's denial of the motion to seal, or the filing of any of the terms and conditions of this settlement among the papers of the case in the Lawsuit by the Company shall not terminate, modify or relieve Employees of Employees' confidentiality obligations under the provisions of this Agreement.

Doc ID: d32a54c6a4545218ba7df827b7481e888fb0bc21

6. <u>Confidentiality and Confidential Information</u>.

a. Employees acknowledge that by reason of Employees' positions with the Company, Employees have been given access to trade secrets and confidential information regarding the Company's business affairs. Employees acknowledge that all confidentiality, nondisclosure or other agreements relating to the Company's confidential information or trade secrets, and any non-compete or other agreement containing post-employment obligations, shall remain in full force and effect, and nothing contained in this Agreement constitutes a release, modification or waiver of any of Employees' obligations under any such prior agreement. Employees represent that Employees have complied with all of such agreements, and agree to continue to comply with such agreements after the date hereof.

b. Employees shall not disclose the terms, conditions or considerations of this Agreement, and shall maintain all of the same in strict confidence, except to the extent that disclosure is required by applicable law or court order, and except that Employees may disclose this Agreement to Employees' respective spouses, attorneys, financial advisors, and tax consultants in connection with the preparation of appropriate tax returns.

7. <u>No Reemployment</u>. Employees expressly waive and disclaim any right to reinstatement or reemployment with the Company, and agree never to seek employment with the Company at any time in the future unless requested to do so by the Company.

8. <u>Tax Liability, Payments and Indemnity</u>. Employees and the Company agree that the Company will not withhold from the installment payments due hereunder and will report the Settlement Payment on a Form 1099. The Employees shall be solely responsible for any applicable taxes on the Settlement Payment. Employees agree that the Company has not made any representations regarding the taxability of the Settlement Payment. Employees further agree and warrant that they have been and remain solely responsible for the timely reporting and payment of all taxes, if any, which have been due or may become due to any governmental authority from receipt of any funds from the Company pursuant to this Settlement Agreement. Employees hereby agree to indemnify, pay the costs of defense, and hold the Company harmless from and against any and all claims, demands, obligations and liabilities for such taxes owed by Employees, if any.

9. <u>No Admission</u>. Neither the execution of this Agreement, nor the payment or performance of the consideration hereof shall constitute nor be deemed to be an admission of liability on the part of any party, all of which is expressly denied.

10. <u>Mutual Non-Disparagement</u>.

a. Employees represent and acknowledge that in executing this Agreement, Employees do not rely and have not relied upon any representation or statement made by the Company, or its agents, representatives, or attorneys with regarding to the subject matter, basis or effect of this Agreement or otherwise, and that Employees have engaged, and been represented by, an attorney of Employees' choosing in the negotiation and

Doc ID: d32a54c6a4545218ba7df827b7481e888fb0bc21

execution of this Agreement. Employees acknowledge that Employees have been advised by the Company to consult with counsel of Employees' choosing with regard to the negotiation and execution of this Release, and have had an opportunity to do so.

      b.    The Company will not, whether verbally, in writing, or by electronic means, make or publish any negative or unfavorable statement of any kind about, nor otherwise criticize or disparage the Employees, whether such statements are true or untrue; provided, however, that this provision does not prohibit the Company from testifying truthfully under oath when compelled to do so by law.

    11.    <u>Acknowledgements</u>. Employees acknowledge that Employees have been fully compensated for all labor and services performed for the Company and have been reimbursed for all business expenses incurred on behalf of the Company through the Termination Date, and that the Company does not owe Employees any expense reimbursement amounts, or wages, including vacation pay or paid time-off benefits.

    12.    <u>Governing Law</u>. This Agreement is made and entered into in the State of Texas and shall in all respects be interpreted, enforced, and governed under the laws of the State of Texas.

    13.    <u>Savings Clause</u>. Should any provision of this Agreement be declared to be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

    14.    <u>Entirety of Agreement</u>. This Agreement sets forth the entire Agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof, except that this Agreement does not in any way supersede or alter any policies or agreements containing covenants not to compete, non-disclosure, non-solicitation agreements, or confidentiality agreements that may exist between Employee and the Company.

    15.    <u>Counterparts</u>. This Agreement may be executed and delivered by one or more of the Parties electronically and by any number of separate counterparts. All counterparts taken together shall be deemed to constitute one and the same instrument.

    16.    <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to the benefit of, the parties hereto, their successors and permitted assigns; provided, however, that Employees may not assign nor transfer to any person or entity any of Employees' rights or benefits hereunder, and any such purported assignment shall be void. Employees warrant and represent to the Company that Employees have not conveyed nor assigned, nor attempted to convey nor assign, any interest in or to any of the claims being released herein to any other person or entity.

    17.    <u>Time Period for Enforceability/Revocation of Agreement</u>. The Company's obligation to pay the Settlement Payment and provide any other benefits described in this Agreement is contingent upon Employees executing and returning this Agreement to the Company. Employees may take up to twenty-one (21) days to consider this Agreement prior to executing it. Employees may sign this Agreement at any time during this twenty-one (21) day

period. Any changes made to this Agreement after presentation to Employees will not restart the running of the twenty-one (21) day period. After executing this Agreement, Employees shall have seven (7) days during which time Employees may revoke Employees' consent to this Agreement by giving written or electronic notification of the decision to revoke to the Company. This Agreement will not become effective or enforceable, and the Settlement Payment shall not become due, until such revocation period has expired and Employees have delivered a written or electronic notice that Employees have not exercised Employees' right to revoke this Agreement which notice is dated not less than eight (8) days after the date on which this Agreement is executed.

18. <u>Notice of Revocation</u>. Any notice of revocation to be given pursuant to the foregoing paragraph shall be sent by email transmission to: Stephen W. Schueler at sschueler@winstead.com. Employees understand and acknowledge that Employees will not receive any monies or benefits pursuant to this Agreement except upon the execution and non-revocation of this Agreement, and the fulfillment of the promises contained herein.

19. <u>Effective Date</u>. The Effective Date of this Agreement shall be the date on which it is signed by each of the Employees, provided that it is also signed by the Company regardless of when it is signed by the Company and provided that Employees do not revoke this Agreement in accordance with the provisions hereof.

**EMPLOYEES' SIGNATURES BELOW MEANS THAT EMPLOYEES HAVE READ THIS AGREEMENT AND AGREE AND CONSENT TO ALL THE TERMS AND CONDITIONS CONTAINED HEREIN.**

SIGNED this 9th day of November, 2021.

EMPLOYEES:

*George Welch*
GEORGE WELCH

*[signature]*
DAVID RUMSEY

COMPANY:

JENN ENERGY SERVICES, LLC

By: *Richard Calan Pickard*
Authorized Representative
1985 FM 1279
San Augustine, TX  75972

6

_____
RICHARD CALAN PICKARD

4852-0600-4478v.7 60985-9

Doc ID: d32a54c6a4545218ba7df827b7481e888fb0bc21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GEORGE WELCH, Individually and on, Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>JENN ENERGY SERVICES, LLC, and RICHARD CALAN PICKARD,<br><br>Defendants. | §§§§§§§§§§§§§§§ Civil Action No. 5:20-cv-59 |

**ORDER**

On this day the Court considered the parties' Joint Motion for Approval of FLSA Settlement and, subject to such approval, to abate and ultimately dismiss the case.

The Court determines that the settlement agreements reflect a fair and reasonable resolution of a *bona* fide dispute between the parties and is the product of contested litigation. Accordingly, it is

ORDERED that the Settlement Agreement and Release is hereby approved in all respects. It is further

ORDERED that the above-entitled and numbered cause shall be abated but retained on the Court's docket until the due date of the last of the installment payments described in the parties' Joint Motion and, contingent upon Defendant's paying the installment payments as set out in the motion, the case shall be thereafter dismissed with prejudice.

2

Signed at Laredo, Texas this _____ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE

4839-3209-2158v.1 60985-9