United States District Court
Southern District of Texas
**ENTERED**
May 20, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| GEORGE WELCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-CV-59 |
| | § | |
| JENN ENERGY SERVICES, LLC AND | § | |
| RICHARD CALAN PICKARD, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Motion for Approval of Settlement of FLSA Claim, (Dkt. No. 31). On December 7, 2021, this motion was referred to the Court for findings of fact and recommendations of law. (Dkt. Nos. 33, 34). After consideration of the parties' briefing, counsels' argument, the record, and applicable law, the Court will recommend that the parties' motion be granted.

**I. Background**

George Welch ("Plaintiff") filed this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of himself and similarly situated current and former employees against Jenn Energy Services, LLC., and Richard Calan Pickard, Jenn Energy's president ("Defendants"). (Dkt. No. 1). Plaintiff alleges that Defendants failed to properly pay its "day rate" employees at an overtime wage for hours they worked beyond 40 hours a week. (*Id.* at 1, 4). Plaintiff sought relief under 29 U.S.C. § 216(b) in the form of liquidated damages and attorneys' fees. (*Id.* at 5). On October 1, 2020, Plaintiff filed a Consent to Join Collective Action signed by David Rumsey ("Rumsey"), thus making him a party-plaintiff to the lawsuit, to be represented by Plaintiff's counsel. (Dkt. No. 17).

On September 15, 2021, the Hon. United States District Judge Diana Saldaña entered an order denying Defendants' motion for summary judgment, finding a genuine dispute of material fact as to whether Plaintiff was exempt from the FLSA's overtime

requirements under the Motor Carrier Act exemption. (Dkt. No. 21 at 11). The District Court also ruled that discovery was appropriate before it could find as a matter of law that there were no other employees who could join in Plaintiff's action. (*Id.* at 14). Shortly after this order was issued, and *before* Plaintiff sought certification from the Court as a collective action, the parties filed a Notice of Settlement. (Dkt. No. 28). The parties then filed a motion for approval of their settlement now pending before the Court, with a copy of the settlement agreement appended to the motion. (Dkt. No. 31 at 5–11). The settlement agreement contains terms dispersing funds to Welch and Rumsey, as well as attorneys' fees to Plaintiff's counsel. (*Id.* at 5). As the motion was referred to the Undersigned for findings of fact and recommendations of law, (Dkt. Nos. 33, 34), the Court held a hearing on the motion on December 21, 2021, and allowed Plaintiff to file supplemental briefing in support of his reasons for settlement. (*See* Min. Entry Dec. 21, 2021; Dkt. No. 35).

## II. Legal Standards

Under the FLSA, covered employees must be paid "at a rate not less than one and one-half times the regular rate at which [they are] employed" for a workweek over 40 hours. 29 U.S.C. § 207(a)(1). Any employer who violates this provision "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, "FLSA claims may be compromised if the settlement is (1) supervised by the Secretary of Labor . . . or (2) approved by a court[.]" *Alden v. Black Gold Rental Tools, Inc.*, No. 2:18-CV-215, 2019 WL 6702693, at *1 (S.D. Tex. Nov. 21, 2019) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). A court may approve a settlement "in an employee FLSA suit [if it reflects] a reasonable compromise over issues . . . that are actually in dispute." *Lynn's Food Stores,* 679 F.2d at 1354. The inquiry a court must conduct is therefore: "(1) whether a bona fide dispute exists between the parties; [and] (2) whether the settlement agreement is a fair and reasonable resolution of the dispute . . . " *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). "The primary focus of [this] inquiry . . . is not, as it would be for a

Rule 23 class action, on due process concerns, but rather on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Collins v. Sanderson*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008).

To find that there is a bona fide dispute between the parties, a court must determine whether the parties are sufficiently "adversarial" in order to ensure that an employer has not coerced their employees "into waiving their rights" guaranteed by the FLSA. *Shaw*, 2018 WL 3621050 at *1 (citation omitted). Specifically, the Fifth Circuit has held that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159, 163 (5th Cir. 2015) (quoting *Martin v. Spring Break '83 Productions*, 688 F.3d 247, 255 (5th Cir. 2012)).

After finding that there is a bona fide dispute between the parties, a court must then determine whether the substance of the settlement agreement is fair and reasonable. Although the class-action provisions of the Federal Rules of Civil Procedure Rule 23 do not apply to collective actions under the FLSA, courts have looked to the case law under Rule 23 for relevant "analogous" analysis of settlement agreements. *Sims v. Housing Authority City of El Paso*, No. EP–10–CV–109–PRM, 2012 WL 10862119 at *3–4 (W.D. Tex. Feb. 29, 2012); *see Chano et al. v. City of Corpus Christi*, No. 2:17-CV-141, 2019 WL 4247767 at *2–3 (S.D. Tex. July 7, 2019). Under a Rule 23(e) analysis, courts must determine whether a given settlement is "fair, adequate, and reasonable" by considering the following six factors helpful to the consideration of a settlement of FLSA claims:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Chano*, 2019 WL 4247767 at *2–3 (citation omitted); *Shaw*, 2018 WL 3621050 at *2;

*Collins*, 568 F. Supp. 2d at 721–22.

### III. Approval of the Settlement Agreement

#### A. Bona Fide Dispute

Based on the record in the instant action, the Court finds that there is a bona fide dispute between the parties. The parties disagree as to how many hours both Plaintiff and Rumsey used their own personal trucks for company business, the nature of their work, the applicability of the Motor Carrier Act (MCA), and whether they performed a significant portion of their work in a "small vehicle" as contemplated by the MCA. (Dkt. No. 31 at 1–2). As to Plaintiff, these disagreements are addressed in the Court's Memorandum and Order regarding Defendants' prior motion for summary judgment. (*See* Dkt. No. 21 at 7–11). In the hearing on the instant motion, Defendants represented that without settlement, Defendants would most likely file another summary judgment motion on these same issues at the conclusion of discovery. (Dec. 21, 2021 Hr'g at 2:32). Ultimately, the parties disagree as to how many hours both Plaintiff and Rumsey worked and how many of these hours are eligible for over-time pay. Therefore, based on this record, and the representations of counsel, the Court finds that there is a bona fide dispute between the parties.

#### B. Fair and Reasonable Resolution

In examining the settlement agreement, the Court also finds that the compromise between the parties is fair and reasonable. The Court has reviewed the written settlement agreement filed by the parties. (Dkt. No. 31 at 5–11). First, there is no evidence of fraud or collusion. The Plaintiff, Rumsey, and Defendants are represented by separate counsel and, based on the pleadings filed by the parties and the arguments presented by counsel during the hearing, the Court determines that the parties are sufficiently adversarial and that the Defendants have not coerced their employees into waiving their rights under the FLSA. In terms of the complexity, expense, and likely duration of the litigation, both parties informed the Court that in the event the case does not settle, further discovery would need to be conducted, another motion for summary judgment would likely be filed, and ultimately, the parties would go to trial. (Dec. 21,

2021 Hr'g at 2:30–33). Plaintiff's counsel stated that this continued litigation would result in approximately $20,000 to $30,000 more in legal expenses. (*Id.* at 2:31).

In terms of the stage of proceedings and the factual and legal obstacles to prevailing on the merits, Plaintiff's counsel asserts that Plaintiff and Rumsey would most likely prevail on their claims and win a judgment in their favor. (Dec. 21, 2021 Hr'g at 2:07–08). However, both Plaintiff and Rumsey have instead opted for concrete and obtainable payment now, rather than risk further litigation, which would most likely result in no recovery as a result of Defendants' lack of financial resources. (*Id.*). The parties emphasize to the Court that the financial reality of the Defendants is a primary basis for settlement. (Dkt. No. 31 at 2). Plaintiff's counsel represents that based on his litigation experience he is convinced that Defendants are indeed financially insolvent. (Dec. 21, 2021 Hr'g at 2:25–26). The information presented to the Court supports the conclusion that the settlement does represent the best chance at Plaintiff and Rumsey recovering any compensation in the face of Defendants' poor financial posture. *See e.g.*, *Lanza v. JMA Painters LLC*, No. 6:16-CV-01348, 2018 WL 6580553, at *4 (W.D. La Nov. 8, 2018); *Sanchez v. Alan's R E 99 Cents & Up Inc.*, No. 16-CV-1881, 2018 WL 2452784, at *3 (E.D.N.Y. Apr. 24, 2018) (finding a settlement under the FLSA reasonable and noting that "the parties have demonstrated that the proposed settlement agreement is based on defendants' credible financial limitations and not defendants' desire to avoid compliance with the FLSA . . .").

Finally, regarding the respective opinions of the participants, including class counsel, class representative, and the absent class members, it is important to note that the Court has not certified this matter as a collective action. Therefore, the only two former employees who are parties to the settlement are Plaintiff and Rumsey, who has filed a consent form to become a party-plaintiff. Both have personally signed the settlement agreement. (Dkt. No. 31 at 10). Plaintiff's counsel represents to the Court that he explained the settlement agreement to both Plaintiff and Rumsey and that they are both in agreement with the terms of the settlement, including the amounts that each will receive pursuant to the settlement agreement. (Dec. 21, 2021 Hr'g at 2:37, 2:44). Therefore, this factor weighs in favor of approval of the settlement.

However, the Court notes that the settlement agreement includes broad release

language which releases claims beyond the scope of the FLSA. The settlement agreement provides that Plaintiff and Rumsey will release "any and all claims, demands, causes of action and liabilities of any kind or character, accrued or to accrue hereafter, which Employees ever had, now have or may hereafter have against" Defendants. (Dkt. No. 31 at 6). Courts generally disapprove of this type of broad release language within an FLSA settlement because "this kind of general release absolves the employer of potential liability unrelated to the employee's FLSA claim in exchange for compensation which the employer was previously obligated to provide in exchange for the employee's labor." *Miller v. Bravura Information Technology Systems, Inc.*, No. 7:18-CV-00041, 2019 WL 12338331, at *2–3 (S.D. Tex. Aug. 16, 2019) (collecting cases).

Plaintiff's counsel acknowledged at the hearing that in the case of a collective action under the FLSA, a general release would not be acceptable, nor would he recommend such an agreement. (Dec. 21, 2021 Hr'g at 2:44). However, counsel points out that both Plaintiff and Rumsey are signatories to the agreement, and Rumsey therefore is not a "non-signing opt-in" plaintiff. Thus, their attorney maintains that the Court should treat both as individuals who are free to bargain away any of their rights and obligations. (Dec. 21, 2021 Hr'g at 2:37, 2:44). The Court might be persuaded by this argument if the parties had presented evidence that some amount of the consideration to be paid by Defendants was apportioned to the non-FLSA claims. To the contrary, the parties agree that the driving force of this settlement is Defendants' precarious financial position. The Court finds that it is contrary to the purpose of the FLSA for the Court to approve the settlement of FLSA claims with a settlement agreement that broadly releases all of the employees' claims against the employer, even claims which have not yet accrued or which may arise in the future.

Therefore, the Court **RECOMMENDS** that the Motion for Approval of Settlement of FLSA Claim, (Dkt. No. 31), be **GRANTED, in part**. The Court recommends that the District Court approve the settlement of Plaintiff and Rumsey's FLSA claims, subject to the revision of paragraph 3 of the settlement agreement, (Dkt. No. 31 at 6–7), as follows:

> 3. Releases. In consideration of the promises and covenants made herein, Employees, for Employees, Employees' heirs, executors, administrators and assigns, do hereby RELEASE, ACQUIT AND FOREVER DISCHARGE Richard Calan Pickard and Jenn Energy Services, LLC, and each of their

parent, subsidiary, related and affiliated corporations or other entities, and each of their respective present or former officers, directors, shareholders, employees, agents, representatives, successors and assigns ( all of whom are hereinafter collectively referred to as "Releasees") from any and all claims, demands, causes of action and liabilities ~~of any kind or character~~, accrued or to accrue hereafter, which Employees ever had, or now have ~~or may hereafter have~~ against Releasees, through the Effective Date of this Agreement, arising out of or ~~any act, omission, statement, representation, transaction or occurrence, including, without limitation, those related to Employees' employment by the Company or the termination thereof. Without limiting the generality of the foregoing, it is understood and agreed that this Release constitutes a release of any claim or cause of action for breach of any employment or other agreement existing between Employees and the Company (all of which are hereby acknowledged to have terminated) or otherwise related, in any way, to Employees' employment by the Company, including claims~~ under the Fair Labor Standards Act; the Texas Pay Day Law, and any other state or federal statute or regulation governing the payment of wages and/or overtime occurring prior to the date of this Agreement. ~~This release also constitutes a release of any claim or cause of action for personal or bodily injury of any kind, property damage, invasion of privacy, intentional or negligent infliction of emotional distress, wrongful termination, promissory estoppel, false imprisonment, defamation, negligence, gross negligence, breach of contract, libel or slander, tortious interference with contract or business relationship, misrepresentation, deceptive trade practices, fraud, and any other employment-related claims, or for any personal injuries, however characterized, or by virtue of any fact(s), act(s) or event(s) occurring prior to the date of this Agreement.~~

    a. ~~EMPLOYEES UNDERSTAND THAT BY SIGNING AND NOT REVOKING THIS RELEASE, EMPLOYEES ARE WAIVING ANY AND ALL RIGHTS OR CLAIMS WHICH EMPLOYEES MAY HAVE UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND/OR THE OLDER WORKERS' BENEFIT ACT FOR AGE DISCRIMINATION ARISING FROM EMPLOYMENT WITH THE COMPANY, INCLUDING, WITHOUT LIMITATION, THE RIGHT TO SUE THE COMPANY IN FEDERAL OR STATE COURT FOR AGE DISCRIMINATION.~~ EMPLOYEES FURTHER ACKNOWLEDGE THAT EMPLOYEES (1) DO NOT WAIVE ANY CLAIMS OR RIGHTS THAT MAY ARISE AFTER THE DATE THE AGREEMENT IS EXECUTED; (2) WAIVE CLAIMS OR RIGHTS ONLY IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH EMPLOYEES ARE ALREADY ENTITLED; (3) HAVE BEEN ADVISED BY THE COMPANY TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS RELEASE; AND (4) AGREE THAT THIS AGREEMENT IS WRITTEN IN A MANNER CALCULATED TO BE UNDERSTOOD BY EMPLOYEES, AND

EMPLOYEES, IN FACT, UNDERSTAND THE TERMS, CONTENTS, CONDITIONS AND EFFECTS OF THIS AGREEMENT AND HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

b. Anything herein to the contrary notwithstanding, this Agreement does not constitute a release nor a waiver of Employees' right to file a charge or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, the Texas Workforce Commission, or any other governmental agency with jurisdiction to regulate employment conditions or regulations; provided further, that Employees do release and relinquish any right to re-instatement and/or to receive any money, property, or any other thing of value, or any other financial benefit or award, as a result of any proceeding of any kind or character initiated by any such governmental agencies or organizations.

c. Employees acknowledge that the Settlement Payment includes consideration which Employees would not be entitled to receive but for Employees' execution and non-revocation of this Agreement.

## IV. Attorneys' Fees

As stated *supra*, an apportionment of attorneys' fees is included in the settlement agreement executed by the parties. (Dkt. No. 31 at 5). In FLSA cases, "the Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action," 29 U.S.C. § 216(b). For prevailing plaintiffs, "[f]ee awards are mandatory . . . in FLSA cases." *Prater v. Commerce Equities Management Company, Inc.*, No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (citation omitted).

Courts in the Fifth Circuit use the lodestar method for determining the reasonableness of an attorneys' fee award in FLSA cases. *Saizan, et al., v. Delta Concrete Products Co., Inc., et al.*, 448 F.3d 795, 799 (5th Cir. 2006) (citing *Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar is calculated by multiplying the number of hours the attorney reasonably spent on the case by the appropriate hourly rate or the market rate in the community. *Saizan,* 448 F.3d at 799 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–434 (1983)); *Black v SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The plaintiff bears the burden of demonstrating the number of hours worked, the hourly rate, and that both of those numbers are reasonable when viewed in the light of the attorney's experience, qualifications, and skill. *Hensley*, 461 U.S. at 433. After calculating the lodestar, the court must decide whether the amount should be adjusted

by looking to twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974).[1] *Rouse v. Target Corp.*, 1810 F.Supp.3d 379, 384 (S.D. Tex. 2016) (citing *Saizan,* 448 F.3d at 800). The lodestar may not be adjusted because of a *Johnson* factor if that factor was already considered in calculating the lodestar. *Rouse*, 1810 F.Supp.3d at 384.

Given the position of the parties, the Court need only engage in an abridged analysis of the attorneys' fees apportioned to Plaintiff's counsel in this case. Counsel stated on the record that they worked 98.1 hours on this matter, charged at a rate of $278 per hour,[2] and expended $601 in costs. (Dec. 21, 2021 Hr'g at 2:35). Multiplying these numbers, Plaintiff's counsel might justify a lodestar amount of $27,306 in attorneys' fees, including costs. However, under the settlement agreement, Plaintiff's counsel is to be paid $6,500 by Defendants, just under 23% of what counsel's regular billing rates would have produced. This percentage is similar to what Plaintiff's counsel identifies as the percentage of recovery Plaintiff and Rumsey are receiving as a part of the settlement in relation to the value of their claims. (Dec. 21, 2021 Hr'g at 2:11–12). Given the evidence supporting the amount of attorneys' fees incurred by Plaintiffs' counsel and the amount to be apportioned in the agreement, and in light of Defendants' financial position, the Court finds that the amount of $6,500 is reasonable attorneys' fees and costs of the action to be paid by Defendant to Plaintiffs' counsel, and the Court has no reason to reject the bargain the parties have agreed to. Therefore, the Court reiterates that it **RECOMMENDS** that the Motion for Approval of Settlement of FLSA Claim, (Dkt. No. 31), be **GRANTED, in part**, with the modifications to the general release language

---

[1] The *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19..

[2] The Court finds the hourly rate of $278 to be a reasonable rate for attorneys' fees for this type of case in the geographic area of the Laredo Division of the Southern District of Texas, including Webb County and the city of Laredo, Texas.

stated *supra*.

## V. Notice of Right to Object

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review de novo those portions of the Report or specified proposed findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. 28 U.S.C. § 636(b)(1)(C). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150.

Failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *Douglass*, 79 F.3d at 1428.

**SIGNED** on May 20, 2022.

John A. Kazen
United States Magistrate Judge