United States District Court
Southern District of Texas
**ENTERED**
July 28, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| **GEORGE WELCH,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:20-CV-00059** |
| § | |
| **JENN ENERGY SERVICES, LLC,** *et al.*, § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING THE REPORT AND RECCOMENDATION

Pending is the Magistrate Judge's Report and Recommendation (Dkt. 37) regarding the Parties' Motion for Approval of Settlement (Dkt. 31) in this Fair Labor Standards Act ("FLSA") dispute.

In FLSA actions, courts may approve settlements only where there is (1) a bona fide dispute and (2) the settlement agreement is a fair and reasonable resolution of the dispute. *See Shaw v. CAS, Inc.*, 2018 WL 3621050, at *1 (S.D. Tex. 2018). The Magistrate Judge found that there was a bona fide dispute between the Parties in this case regarding the number of hours Plaintiff George Welch and Party-Plaintiff David Rumsey worked and how many of those hours were eligible for overtime pay. (Dkt. 37 at 4.) Furthermore, the Magistrate Judge found that the settlement agreement was fair and reasonable pending one small change. (*Id*. at 4-8.)

The Magistrate Judge noted that with this agreement, Plaintiff and Party-Plaintiff are receiving payment now, as opposed to the potential of payment at the end of a long, expensive litigation. (*Id*. at 4-5.) While the immediacy of payment is always a benefit of settlement, it is particularly enticing in this case where Defendants are financially insolvent and would likely have

just as poor a financial posture at the end of a trial. (*Id*.) This factor weighs in favor of the agreement being fair and reasonable.

However, the Magistrate Judge found that the settlement agreement contained a broad release clause which released potential claims far beyond the scope of the FLSA. (*Id*. at 5-6.) This clause asked Plaintiff and Party-Plaintiff to release any claims regardless of their character that have accrued or that will accrue in the future. (*Id*. at 6.) This type of broad release clause is disfavored in the FLSA context. (*See id*. at 6.) Therefore, the Magistrate Judge recommends that this Court approve the settlement agreement, subject to a revision of paragraph three of the settlement agreement. (*Id*. at 6-7.) This revision would narrow the scope of the release clause so that it is constrained to claims that are related to the FLSA, the Texas Pay Day Law, and other statutes governing the payment of wages. (*Id*.)

Additionally, the Magistrate Judge found that the agreed-upon attorney's fees were reasonable in this case considering the financial situation of Defendants, even though the fees were well under counsel's regular billing rates. (*Id*. at 8-9.)

Over fourteen days have passed since the Parties were served with a copy of this Report and Recommendation, and no written objections have been filed. Having now reviewed the matter as provided by 28 U.S.C. § 636, the Court concludes that the Report and Recommendation should be and is hereby ACCEPTED.

Therefore, the Motion for Approval of Settlement (Dkt. 31) is GRANTED, subject to modifications to the general release of claims language as laid out in the Report and Recommendation (Dkt. 37 at 6-8.)

The Parties are ORDERED to file a Joint Stipulation of Dismissal by **August 12, 2022** that is signed by every Party who appeared in the case.

IT IS SO ORDERED.

SIGNED this July 28, 2022.

_____
Diana Saldaña
United States District Judge